UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT JERICE BREWER,

      Petitioner,

Case No. 11-20537

Honorable John Corbett O'Meara

v.

UNITED STATES OF AMERICA,

      Respondent.
                                                   /

**OPINION AND ORDER DENYING
PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

This matter came before the court on petitioner Dwight Jerice Brewer's May 5, 2015 motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Brewer filed a supplement to his motion June 9, 2014; and the government filed a response July 21, 2014. No reply was filed, and no oral argument was heard.

**BACKGROUND FACTS**

Following a 2001 arrest for participating in a drug conspiracy, petitioner Brewer pleaded guilty and served 95 months in prison. His term ended in March 2008; and in January 2011, this court granted him early termination from supervised release. Three months later Brewer was again arrested on drug charges. A federal grand jury charged him with three counts: conspiring to distribute at least one kilogram of heroin, conspiring to distribute at least five kilograms of cocaine, and possessing heroin with the intent to distribute.

Brewer ultimately entered into a Rule 11 plea agreement in which the government agreed to dismiss the counts alleging conspiracy to distribute cocaine and for possessing heroin with intent to distribute; agreed not to file an information that would have raised his mandatory minimum to 240

months; and agreed that his sentence could not exceed 188 months, the bottom of his sentencing guideline range of 188-235 months. In the plea agreement Brewer also stipulated that the drug quantity was 20 kilograms of heroin and five kilograms of cocaine. During his plea hearing Brewer reiterated the facts described in the plea agreement, including those drug quantities.

At sentencing this court accepted the plea agreement and sentenced Brewer to 188 months. Brewer did not appeal his sentence; instead, he filed this motion, requesting that the court set aside his sentence. Petitioner Brewer specifically declined to challenge his conviction; he challenges only his sentence, raising arguments for the first time and alleging that his attorney provided ineffective assistance of counsel.

## **LAW AND ANALYSIS**

In order to prevail in a motion filed under 28 U.S.C. § 2255, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003). After a pleading guilty, "[t]o warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea . . . ." Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003).

A motion filed under § 2255, however, is not a substitute for a direct appeal. United States v. Addonizio, 442 U.S. 178, 184 (1979). Therefore, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998). That same "standard applies to a defendant who pleads

guilty and first asserts a claim for relief in a collateral proceeding." Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003). In this case petitioner Brewer has procedurally defaulted all of his substantive sentencing claims by his failure to file a direct appeal.

Brewer also appears to challenge the effectiveness of his lawyer in relation to his sentencing. To prevail on a claim of ineffective assistance of counsel, a petitioner must establish unreasonable performance and prejudice. Petitioner must show that (1) "counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for the deficiency, the outcome of the proceedings would have been different." Griffin supra, at 736. If the court concludes that the petitioner fails to meet either prong of this test, it need not consider the other. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In Strickland, the United States Supreme Court stated that counsel is "strongly presumed" to have "rendered adequate assistance and made significant decisions in the exercise of reasonable professional judgment." Id. at 690. To show prejudice under the second prong of the Strickland test, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. At the plea stage, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The gist of Brewer's arguments appears to be that his attorney did not negotiate a better plea deal and that he informed Brewer that his chances of success at trial were not good. Those allegations, however, fail to allege constitutionally-deficient performance. To the contrary, they show that Brewer's lawyer acted diligently, communicating with him about the status of plea

negotiations and the possibility of success if Brewer chose to go to trial.  Petitioner's desire for a better plea deal does not make his lawyer's actions any less diligent or reasonable.  Accordingly, the court must deny Brewer's motion for relief under § 2255.

## ORDER

It is hereby **ORDERED** that petitioner Brewer's May 5, 2014 motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is **DENIED.**

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  August 20, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 20, 2014, using the ECF system and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager